

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-42,639-03

### EX PARTE ROBERT CHARLES LADD, Applicant

## ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS AND MOTION TO STAY THE EXECUTION IN CAUSE NO. 114-80305-97-C IN THE 114TH JUDICIAL DISTRICT COURT SMITH COUNTY

*Per curiam*.  ALCALA, J., filed a concurring statement.

### O R D E R

This is a subsequent application for a writ of habeas corpus filed pursuant to the

provisions of Texas Code of Criminal Procedure Article 11.071 § 5 and a motion to stay the

execution.

In August 1997, a jury found applicant guilty of the offense of capital murder.  The

jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure

Article 37.071, and the trial court, accordingly, set applicant's punishment at death.  This

Court affirmed applicant's conviction and sentence on direct appeal. *Ladd v. State*, 3 S.W.3d

547 (Tex. Crim. App. 1999). This Court denied relief on applicant's initial post-conviction application for a writ of habeas corpus. *Ex parte Ladd*, No. WR-42,639-01 (Tex. Crim. App. Dec. 15, 1999)(not designated for publication). This Court dismissed applicant's first subsequent application for a writ of habeas corpus because it failed to meet the dictates of Article 11.071 § 5. *Ex parte Ladd*, No. WR-42,639-02 (Tex. Crim. App. Apr. 17, 2003)(not designated for publication). Applicant filed this his second subsequent application in the trial court on January 21, 2015.

In this application, applicant asserts that he is mentally retarded and, therefore, is categorically ineligible for the death penalty under the Eighth and Fourteenth Amendments.[1] *See Atkins v. Virginia*, 536 U.S. 304 (2002). We have reviewed the application and find that applicant has failed to satisfy his threshold burden on his claim of mental retardation. *See Ex parte Blue*, 230 S.W.3d 151, 153 (Tex. Crim. App. 2007). Accordingly, we dismiss the application as an abuse of the writ without considering the merits of the claim. Applicant's motion to stay the execution is denied.

IT IS SO ORDERED THIS THE 27th DAY OF JANUARY, 2015.

Do Not Publish

---

[1] We recognize that the preferred terminology for mental retardation is now "intellectual disability." However, because the term mental retardation has been previously used in this case and by relevant legal authority, we use this term in our order.